### VAN DEMARK et v TOMPKINS Exr et

Ohio Supreme Court

No. 21542. Decided June 12, 1929

Syllabus by DAY, J.

#### DECEDENTS' ESTATES

(220 Wb) In an action to contest a will, the jury should be instructed that, before it would be justified in setting aside a will, the evidence tending to invalidate the will must outweigh both the evidence tending to sustain the will and the presumption arising from the order of the probate court admitting the will to probate as the valid last will and testament of the testator. Instructions should not limit the determination of such issue to the evidence introduced by either party exclusively, but the issue should be determined by the preponderance of all the evidence adduced in the case, regardless of which party may have called a witness or adduced the evidence. (**Hall v Hall, Exr., 78 Ohio St., 415, explained; Kennedy v Walcutt, 118 Ohio St., 442, approved and followed.**)

Judgment affirmed.

Marshall, CJ., Kinkade, Robinson, Jones, Matthias and Allen, JJ, concur.

### KOENIG v STATE

Ohio Supreme Court

No 21617. Decided June 12, 1929

Syllabus by KINKADE, J.

#### CRIMINAL LAW

(190 C9) It is prejudicial error for the trial judge in a criminal prosecution based on 710-176 GC, to charge the jury that the prima facie presumption provided for in the second paragraph of that section is alone sufficient to warrant the jury in finding the accused guilty beyond a reasonable doubt of having issued a check on a bank in which he had not sufficient funds to meet the check, and that he issued the check with an intent to defraud the payee thereof.

(190 N3) When the state has in its possession documentary evidence forming part of the assets and files of a bank closed and taken possession of by the state, which tends to establish the entire good faith of the accused and the want of intent on the part of the accused when issuing the check on the bank in which the accused did not then have to his credit sufficient funds to meet the check, and the state is unable to find and produce such evidence for use at the trial, but such documentary evidence is found and made available after trial and conviction, and is offered by the accused in support of his motion for a new trial on the ground of newly discovered evidence, it is prejudicial error to overrule the motion of the accused for a new trial on that ground.

Marshall, CJ, Robinson, Jones, Matthias, Day and Allen, JJ, concur.

### THATCHER v P O & D R R CO

Ohio Supreme Court

No 21595. Decided June 12, 1929

Syllabus by MARSHALL, CJ.

#### ERROR PROCEEDINGS

(260 S) Where an error proceeding is filed in this court as of right, under a claim that it involves questions arising under the Constitution of the State of Ohio or the Constitution of the United States, and no motion is filed to certify the record, the court will not hear and determine the same, unless it is shown that the constitutional questions were presented to and determined by the court of first instance.

#### REAL ESTATE

(510 C) The provisions of **Section 5 of Article 13 of the Constitution,** requiring the compensation in appropriation proceedings for a right of way for a corporation to be "ascertained by a jury of twelve men," relates to the mode of trial and not to the qualifications of jurors.

The word "men" is used in a generic sense of persons, rather than in a limited sense of males.

Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ, concur.